2310
CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAY 10 2005
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PHILLIP ANDREWS HALL, #19890000552, Plaintiff, | Civil Action No. 7:05cv00173 |
| v. | MEMORANDUM OPINION |
| ROANOKE CITY JAIL, et al., Defendants. | By: Jackson L. Kiser Senior U.S. District Judge |

Plaintiff Phillip Andrews Hall, # 19890000552, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, plaintiff alleges that while incarcerated at the Roanoke City Jail he has been forced to remain in an overcrowded pod and is being denied adequate exercise, food, and medical attention. Plaintiff further alleges that he has been denied use of the prison grievance system and has been forced to witness guards providing other inmates with narcotics. As relief, Hall seeks a transfer to a state run facility and a reduction in his sentence.

By order entered March 29, 2005 plaintiff was directed to amend his complaint to name individual(s) as defendant(s), alleging facts concerning conduct undertaken by each defendant, personally, in violation of plaintiff's rights. Plaintiff was also directed to particularize the facts of his claim and include as many specific details as possible about the events upon which his claims are based, including dates and any injury he suffered as a result of the alleged violation. In response, plaintiff has submitted to the court a motion to amend. The court will grant this motion and amend the complaint to name as an additional defendant Sheriff George McMillian.

After reviewing plaintiff's complaint and his amended complaint, I am of the opinion that

Hall has failed to raise any claim of constitutional magnitude as to his allegations regarding the denial of adequate food, the use of the inmate grievance system, and his claim that he has been forced to witness guards distributing narcotics. Accordingly, I find that those allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Furthermore, I find that the Roanoke City Jail is not a proper party and will dismiss all claims raised against the jail.

### I. Claims and allegations

In his complaint, Hall alleges that he has been incarcerated in the Roanoke City Jail for approximately three months. During that time he claims that he has been forced to remain in an overcrowded pod. He further alleges that during this period he has not been afforded adequate opportunity to exercise either in the indoor facility or outdoors. Additionally, Hall claims that although he has made multiple requests for medical attention, the defendant has not yet secured possession of his medical history and refuses to allow his treatment for previously documented illness and/or injury. Hall also complains that he is not receiving adequate food, that the food is always cold, and that at times the food is left in the hallway before it is served to him. Hall also claims he has witnessed guards providing inmates with narcotics and/or other contraband. Finally, Hall alleges that he has made multiple grievances regarding the aforementioned claims, but the defendant refuses to respond to plaintiff's grievances.

### II. Analysis

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition

that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

As a threshold matter, the Roanoke City Jail is not a state actor in itself and therefore, is not a proper defendant in a §1983 action. In the conditional filing order entered on March 29, 2005, plaintiff was directed to amend his complaint to name individual defendants and to particularize his claims within twenty days of the date of entry of that order. As plaintiff has named another defendant pursuant to that order, I will allow his claims against such defendant to go forward. However, all claims raised against the Roanoke City Jail must be dismissed.

### A. Overcrowding & Denial of Exercise

Hall claims that during his three month incarceration at the Roanoke City Jail he has been forced to reside in an overcrowded pod and has been denied adequate opportunity to exercise. Generally, the Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). As overcrowding and denial of exercise may be tolerable for a few days, such conditions extending over weeks or months may constitute cruel and unusual punishment. See Hutto v. Finney, 437 U.S. 678, 686-87 (1978) and Mitchell v. Rice, 954 F.2d 187, 190 (4th Cir. 1992). However, plaintiff has failed to allege specific details about the overcrowding, opportunities for exercise which were made or not made available, and any injury he suffered as a

result of the alleged overcrowding or lack of exercise. Accordingly, I will grant him twenty days in which to amend his complaint to correct these deficiencies.

### B. Adequate Food

Inasmuch as Hall's claims that he is not receiving adequate food, that the food is always cold, and that at times the food is left in the hallway before it is served to him can be construed as a living conditions claim, it must fail. While the Eighth Amendment does protect prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). As a result, in order to state a claim of constitutional significance regarding prison conditions, a plaintiff must demonstrate not only that the living conditions violated contemporary standards of decency, but also that prison officials acted with deliberate indifference to such conditions. Wilson v. Seiter, 501 U.S. 294 (1991). Moreover, plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).

While limited amounts of food, cold food, and/or food which sits may be inconvenient and unfortunate, Hall has not demonstrated that, because of the conditions, he has sustained a serious or significant injury or is at risk of a future injury. Therefore, plaintiff has failed to state a constitutional claim under the Eighth Amendment. Accordingly, these claims will be dismissed pursuant to 28

4

U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### C. Medical Attention

Hall alleges that the defendant has refused to provide him with adequate medical care in that he refuses to secure plaintiff's medical records and allow his treatment for previously documented pain. Generally, in order to state a cognizable claim for supervisory liability for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate that he had a serious medical need and that the defendant failed to provide him with prompt medical care or deliberately interfered with prison doctors' treatment of that need. Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990). Plaintiff has failed to allege facts sufficient to establish that he has a serious medical need or that he has suffered any harm or injury due to a delay in treating any medical condition. Accordingly, I will grant him twenty days in which to amend his complaint to correct these deficiencies.

### D. Grievance System

Hall claims that the defendant has delayed in responding to his grievances. To the extent this can be construed as denial of access to the grievance process, it must fail. Inasmuch as a state grievance procedure does not confer any substantive right upon prison inmates, a prison employee's failure to comply with the state's grievance procedure is not actionable under § 1983. Adams v. Rice, 40 F.2d 72 (4th Cir. 1994). Accordingly, any delay in a response to grievances or to process his complaints does not raise a claim of constitutional magnitude. Therefore, this claim will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be

5

granted.

### E. Narcotics Sales

To the extent Halls claims that he has been forced to witness guards distributing drugs or having "relations" with correctional officers can be construed as a living conditions claim, it must fail. As noted previously, plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler, 989 F.2d at 1380-1381. As plaintiff has made no allegations of any harm as a result of these alleged indiscretions, I find that this claim must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

.

### III. Conclusion

Based on the foregoing, I find that Hall has failed to raise claims of constitutional magnitude as to his allegations regarding the denial of adequate food, the use of the inmate grievance system, and his claim that he has been forced to witness guards distributing narcotics. Accordingly, I find that those allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Furthermore, I find that Hall has failed to include sufficient facts or details regarding his claims of overcrowding, the denial of adequate exercise, and the denial of adequate medical care. Accordingly, I will grant him twenty days in which to amend his complaint to correct these deficiencies.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 10th day of May, 2005.

Senior United States District Judge